```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
───────────────────────────────────

CONROY CLAYTON,

       16-cv-4967 (JGK)
     Petitioner,  10-cr-772 (JGK)

  - against -    MEMORANDUM OPINION &
          ORDER
UNITED STATES OF AMERICA,

     Respondent.

───────────────────────────────────

**JOHN G. KOELTL, District Judge:**

  The petitioner, Conroy Clayton, pleaded guilty on January 10, 2011, pursuant to a plea agreement, to Counts One and Four of a multi-count indictment. Count One charged the defendant with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. The plea agreement stated that Count Four charged the defendant with brandishing a firearm in connection with the robbery conspiracy in Count One in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.[1] On July 29, 2011, the Court sentenced the defendant principally to 24 months on Count One to be followed by an 84-month mandatory consecutive sentence on Count Four. The petitioner now moves pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence on Count Four as barred by the Supreme Court's recent decision in United States v. Davis,

---

[1] As explained below, Count Four of the Indictment charged that the firearms offense was also in furtherance of an attempted Hobbs Act robbery charged in Count Two, to which the defendant did not plead guilty, and a narcotics conspiracy charged in Count Three, in which the defendant was not charged.

1

139 S. Ct. 2319 (2019). For the reasons explained below, the petition is **granted** and the petitioner's conviction and sentence on Count Four are **vacated**.

**I.**

On August 30, 2010, a grand jury returned an indictment against the petitioner and two codefendants, Byron Simpson and David Burrell. See Dkt. No. 23.[2] The indictment charged the three codefendants with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); attempt to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count Two); and brandishing a firearm in furtherance of the offenses in Counts One, Two and Three, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Four).[3] Id.

On January 10, 2011, the petitioner pleaded guilty to Counts One and Four. The written plea agreement provided that the predicate offense for Count Four was Count One. See Dkt. No. 92-1. At the plea allocution, the petitioner confirmed that he had consulted with his attorney and that he had a complete and total understanding of the plea agreement. See Dkt. No. 89-1, at 18-19. In the course of explaining the factual basis for his

---

[2] All cites to docket entries correspond to entries on the criminal docket, United States v. Clayton, No. 10-cr-772-JGK-2 (S.D.N.Y.).

[3] Simpson alone was charged in the indictment with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count Three), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Five). See Dkt. No. 23.

plea, the petitioner acknowledged that he "knowingly agreed to participate in a conspiracy to commit armed robbery" and that in connection with that crime he "pulled out a gun and brandished it." Id. at 21. In response to a question from the Court, the petitioner also stated that the contraband he conspired to rob was cocaine and that he knew the cocaine came from outside New York State. Id. at 21-22. After confirming that there was sufficient evidence to support a conviction on Counts One and Four, the Court accepted the petitioner's guilty plea to Counts One and Four. Id. at 24-25.

On July 29, 2011, the Court sentenced the petitioner, principally, to 24 months on Count One to be followed by an 84-month mandatory consecutive sentence on Count Four. See Dkt. No. 33. The Court dismissed Count Two on the Government's motion and noted that the petitioner was not charged in Count Three.[4] See Dkt. No. 89-2, at 14-15. Judgment was entered on August 12, 2011. Pursuant to the plea agreement, the petitioner waived his right of direct appeal and collateral challenge for any sentence within the Guidelines Sentencing Range.[5]

---

[4] The petitioner was also not charged in Count Five.

[5] In response to the petitioner's motion, the Government has not raised the argument that this motion is barred by the petitioner's waiver in the plea agreement of any collateral challenge to a sentence within the Guidelines Sentencing Range and the Court will not raise the argument sua sponte. See Burgess v. United States, 874 F.3d 1292, 1301 (11th Cir. 2017).

3

A conviction under 18 U.S.C. § 924(c)(1)(A)(ii), to which the petitioner pleaded guilty in Count Four, requires a mandatory minimum consecutive sentence of seven years for a person who, during and in relation any federal "crime of violence or drug trafficking crime" uses or carries a firearm that is "brandished." "Crime of violence" is defined as a felony that either (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the elements clause) or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the residual clause). 18 U.S.C. § 924(c)(3)(A)-(B). In June 2015, while the petitioner was serving his sentence, the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that one of the definitions of "violent felony" in the Armed Career Criminal Act was unconstitutionally vague, namely the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii), which defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." The residual clause in the Armed Career Criminal Act is similar to the residual clause in

4

18 U.S.C. § 924(c)(3)(B), which formed the basis for the petitioner's conviction on Count Four.

In light of Johnson, the petitioner timely filed this motion on June 24, 2016. The Court stayed the motion pending resolution of United States v. Barrett, No. 14-2461 by the Court of Appeals for the Second Circuit, which concerned whether a conviction for conspiracy to commit a Hobbs Act robbery qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(B). See Dkt. No. 82. In June 2019, the Supreme Court held in United States v. Davis that the residual clause in 18 U.S.C. § 924(c)(3)(B) defining a "crime of violence" is unconstitutionally vague. See 139 S. Ct. at 2336. This Court subsequently lifted the stay and the parties completed briefing the motion.

## II.

The petitioner argues that his § 924(c)(1)(A)(ii) conviction on Count Four must be vacated in light of Davis because his Count One conviction for conspiracy to commit Hobbs Act robbery, the predicate offense for his Count Four conviction, no longer qualifies as a "crime of violence" following Davis because conspiracy to commit Hobbs Act robbery only qualifies as a "crime of violence" under the residual clause in § 924(c)(3)(B), which the Supreme Court has held is unconstitutionally vague. The Government argues that this

5

petition is procedurally barred because the arguments raised by the petitioner were not raised on direct appeal. The Government also contends that the petitioner's conviction on Count Four still stands because it was independently predicated on Counts Two and Three, which the Government argues remain valid predicates for a § 924(c) conviction after Davis.

### A.

Under 28 U.S.C. § 2255, a petitioner may challenge his sentence if it was "imposed in violation of the Constitution or laws of the United States." If a petitioner procedurally defaulted the challenge by failing to raise the claim on direct appeal when it could have been raised, the claim may only be raised if the petitioner shows either "cause and actual prejudice" or that the petitioner is "actually innocent." See Gupta v. United States, 913 F.3d 81, 84 (2d Cir. 2019) (internal citations omitted).

In this case, the petitioner can show cause and actual prejudice. At the time the petitioner could have filed a direct appeal, it was well-settled in the Second Circuit that a conspiracy to commit Hobbs Act robbery was a "crime of violence." See United States v. Patino, 962 F.2d 263, 267 (2d Cir. 1992) (a conspiracy to commit a "crime of violence" is a "crime of violence" itself); see also United States v. Barrett, 903 F.3d 166, 175 (2d Cir. 2018) ("[I]t has long been the law in

6

this circuit that a conspiracy to commit a crime of violence is itself a crime of violence under 18 U.S.C. § 924(c)(3)."). Only after the Supreme Court abrogated Barrett in light of Davis did the Court of Appeals for the Second Circuit, on remand, hold that conspiracy to commit Hobbs Act robbery is not a valid predicate for a conviction under § 924(c). See United States v. Barrett, 937 F.3d 126 (2d Cir. 2019). The petitioner in this case was sentenced in 2011, eight years before Davis and four years before Johnson. At the time the petitioner was sentenced, cases decided by Court of Appeals for the Second Circuit foreclosed any argument that the petitioner could have made on direct appeal to overturn his § 924(c) conviction on Count Four on the ground that conspiracy to commit Hobbs Act robbery was not a valid predicate offense. If the petitioner had argued on direct appeal that conspiracy to commit Hobbs Act robbery was not a valid predicate for a conviction under § 924(c), the argument would have been rejected as squarely foreclosed by binding precedent. The petitioner has therefore demonstrated cause and actual prejudice and is not procedurally barred from bringing this petition. See Camacho v. United States, No. 17-cv-5199, 2019 WL 3838395, at *2 (S.D.N.Y. 2019).

**B.**

It is clear that the petitioner's conviction on Count One for conspiracy to commit a Hobbs Act robbery is not a valid

7

predicate offense for the petitioner's Section 924(c) conviction on Count Four following Davis. See Barrett, 937 F.3d at 127 ("Davis precludes us from concluding, as we did in our original opinion, that Barrett's Hobbs Act robbery conspiracy crime qualifies as a § 924(c) crime of violence.").

Although the petitioner was not convicted on Count Two or Count Three, each of those two counts, for attempted Hobbs Act robbery and conspiracy to distribute narcotics, could be a valid predicate offense for the petitioner's § 924(c) conviction on Count Four if there is "legally sufficient proof that the predicate crime was, in fact, committed." Johnson v. United States, 779 F.3d 125, 129-30 & n.4 (2d Cir. 2015); United States v. Rivera, 679 F. App'x. 51 (2d Cir. 2017) (holding that a petitioner's challenge based on Johnson fails because the defendant's own plea allocution provided sufficient proof for a predicate offense that the Government later dismissed at sentencing).[6]

---

[6] In United States v. Nolan, -- F.3d --, 2020 WL 1870140 (2d Cir. Apr. 15, 2020), the Court of Appeals considered a number of challenges raised by a defendant, one of which was whether attempted Hobbs Act robbery is a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). Because the Court of Appeals vacated the defendant's conviction on other grounds, the court did not consider the argument whether attempted Hobbs Act robbery qualifies as a "crime of violence." Id. at *2 n.2. The Court need not decide the question in this case because, in any event, there was no legally sufficient proof that the petitioner committed an attempted Hobbs Act robbery. A conspiracy to distribute narcotics is a valid predicate "drug trafficking offense" for a § 924(c) conviction. See United States v. Vasquez, 672 F. App'x 56, 61 (2d Cir. 2016).

8

However, in this case there is no "legally sufficient proof" that the petitioner committed the predicate offense in Count Two or Count Three. Although the indictment charged that Counts One, Two, and Three were all valid predicates for Count Four, courts have not considered an indictment to constitute "legally sufficient proof" that an offense was committed, but have instead focused on the conduct to which a defendant allocutes in the course of pleading guilty. See Johnson, 779 F.3d at 129-30; Rivera, 679 F. App'x at 55-56; Forman v. United States, No. 16-cv-5185, 2017 WL 1434477, at *2 (S.D.N.Y. Apr. 20, 2017).

In this case, the plea agreement between the petitioner and the Government indicated only that the petitioner would agree to plead guilty to Count One and Count Four. At the plea allocution, the petitioner acknowledged merely that he "knowingly agreed to participate in a conspiracy to commit armed robbery," and that in "connection with my participation [in a conspiracy to commit armed robbery] I pulled out a gun and brandished it." See Dkt. No. 89-1, at 21. The petitioner did not admit to having participated in an attempted Hobbs Act robbery or in a conspiracy to distribute or to possess with intent to distribute narcotics. The petitioner did state during the plea allocution that the object of the Hobbs Act robbery conspiracy was "drugs," specifically "cocaine." Id. at 21. But the

9

petitioner made the statement about cocaine in response to a narrow question from the Court in which the Court assured itself that the conspiracy to commit Hobbs Act robbery to which the petitioner was pleading guilty concerned interstate commerce. See id. at 22. At all times during the plea allocution, both the Government and the petitioner referred to Count One alone as the predicate offense for Count Four.

There is therefore insufficient proof in the petitioner's plea allocution or in other documents related to this proceeding from which the Court could conclude that there was legally sufficient proof that the petitioner committed the conduct at issue in Count Two, which the Government moved to dismiss and to which the petitioner did not plead guilty, or Count Three, with which the petitioner was not charged. See Camacho, 2019 WL 3838395, at *2-3 (granting the defendant's § 2255 motion after rejecting the argument that a § 924(c) conviction could be predicated on non-conviction conduct because there was an inadequate factual basis). As was the case in Camacho, "[t]he Government cannot save Petitioner's § 924(c) conviction on a now-invalid predicate by converting it to a valid predicate to which Petitioner did not plead." Id. at *2.

Because neither Count Two nor Count Three can be a valid predicate offense for the petitioner's conviction on Count Four, and because Count One is not a valid predicate for the

10

conviction on Count Four after Davis, the petition is **granted** and the conviction and sentence on Count Four are **vacated**.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the petition is **granted** and the petitioner's conviction and sentence on Count Four are **vacated**. The Court will hold a teleconference with counsel on April 30, 2020 to set a time for resentencing on Count One.[7]

**SO ORDERED.**

**Dated:**   New York, New York
         April 27, 2020                     \_  **/s/ John G. Koeltl**  \_
                                             **John G. Koeltl**
                                         **United States District Judge**

---

[7] Petitioner's counsel advised the Court that the petitioner has been removed from the United States pursuant to an order of removal issued in October 2018, but that the petitioner seeks to proceed with resentencing on Count One.

11